FILED

AUGUST 9, 2016

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

STATE OF WASHINGTON,                  )
                                      )       No. 33216-1-III
                Respondent,           )
                                      )
        v.                            )
                                      )
NICHOLAS LEE JACOB GILLAM,            )       UNPUBLISHED OPINION
                                      )
                Appellant.            )

SIDDOWAY, J. — Nicholas Gillam appeals his convictions for possession of a

stolen motor vehicle and attempt to elude the police. In a pro se statement of additional

grounds (SAG),[1] he argues that (1) the evidence was insufficient to support what he

contends are five alternative means of possessing a stolen motor vehicle or to support the

knowledge element of the crime, and (2) the prosecutor violated Mr. Gillam's United

States constitutional Fourteenth Amendment right when he knowingly presented false

testimony at trial. Because possession of a stolen motor vehicle is a single means crime,

---

[1] Mr. Gillam's opening brief assigned error to a misnumbering, in the judgment
and sentence, of the counts charged. A corrected judgment and sentence was filed. Only
the issues raised by his SAG remain to be resolved.

the evidence was sufficient, and Mr. Gillam's complaint of prosecutorial misconduct is not supported by evidence in the record, we affirm.

FACTS AND PROCEDURAL BACKGROUND

In May 2014, Scott Peterson rented a car for a friend so she could travel to Montana to visit her grandfather. The car ended up in the possession of Nicholas Gillam. Almost a week after renting the car, Mr. Peterson reported it stolen.

Several days after Mr. Peterson reported the car stolen, he received a telephone call from Mr. Gillam, who told Mr. Peterson he had the rental car and asked if Mr. Peterson had reported it as stolen. Mr. Peterson told him that he had. During the call and in a subsequent visit to Mr. Peterson's home, Mr. Gillam said he wanted to continue using the car and asked Mr. Peterson to call police and report it was no longer stolen. Mr. Peterson initially said he would but wanted the car back, but when Mr. Gillam came to his home and would not leave the car, Mr. Peterson told Mr. Gillam he had not withdrawn his report that the car was stolen.

Two days later, a police officer who had been looking for the stolen car spotted it in the parking lot of a convenience store. He pulled his clearly identifiable police car in close behind to prevent the car from leaving and made eye contact with Mr. Gillam, who was in the driver's seat. Upon realizing what was happening, Mr. Gillam backed into the police car and, by driving up over the curb and sidewalk, striking a handicapped parking sign and side-swiping a parked car to his left, was able to escape the officer's effort to

2

block him and sped out of the parking lot. Pursued by two police officers and driving at high speed on rims-only on the right side (both tires on the right side were flattened during Mr. Gillam's maneuvers in the convenience store parking lot), Mr. Gillam ultimately crashed the car into a light pole.

The State charged Mr. Gillam (among other crimes) with one count of possession of a stolen motor vehicle and one count of attempt to elude a police vehicle.

At trial, the court gave the jury a to-convict instruction on the crime of possession of a stolen motor vehicle that identified four elements the State must prove beyond a reasonable doubt. One element was, "[t]hat on or about the 25th day of May, 2014, the defendant knowingly received, retained, possessed, concealed, or disposed of a stolen motor vehicle." Clerk's Papers (CP) at 179.

A jury found Mr. Gillam guilty as charged. Mr. Gillam appeals.

In a pro se statement of additional grounds filed with this court, Mr. Gillam relies on *State v. Hayes*, 164 Wn. App. 459, 477, 262 P.3d 538 (2011), *aff'd*, 182 Wn.2d 556, 342 P.3d 1144 (2015) and *State v. Lillard*, 122 Wn. App. 422, 434-35, 93 P.3d 969 (2004) to argue that possession of a stolen motor vehicle is an alternative means crime, committed by knowingly *receiving*, or *retaining*, or *possessing*, or *concealing*, or *disposing* of a stolen motor vehicle. He argues that by including all of the alternative means in the to-convict instruction, the State was required by the law of the case doctrine

3

to present evidence sufficient to prove each means beyond a reasonable doubt. He also contends the prosecutor presented false testimony, violating his right to due process.

In the preargument work-up of the appeal, we asked the State to respond to Mr. Gillam's SAG.[2]

## ANALYSIS

### I. Jury unanimity

Mr. Gillam's first additional ground for relief asserts that the State failed to present evidence to support every alternative means for possessing stolen property included in the to-convict instruction and failed to prove that he knew the rental car was stolen.

"A person is guilty of possession of a stolen motor vehicle if he or she possess[es] a stolen motor vehicle." RCW 9A.56.068(1). Possession of stolen property is defined, in part, as "knowingly to receive, retain, possess, conceal, or dispose of stolen property." RCW 9A.56.140(1). Mr. Gillam argues that the State assumed the burden of proving what he contends are the five alternative means of possessing stolen property mentioned in the to-convict instruction and failed to do so.

---

[2] Normally, this court would ask both counsel to brief SAG issues of potential merit, RAP 10.10(f), but given the thoroughness of Mr. Gillam's briefing we invited defense counsel to weigh in only if he had something to add.

"Generally, an alternative means crime is one by which the criminal conduct may be proved in a variety of ways." *State v. Owens*, 180 Wn.2d 90, 96, 323 P.3d 1030 (2014). Since the legislature has not designated which crimes are alternative means crimes or provided direction on how they are to be distinguished, *see id.*, "determining which statutes create alternative means crimes is left to judicial interpretation." *State v. Sandholm*, 184 Wn.2d 726, 732, 364 P.3d 87 (2015). Washington cases "have disapproved of recognizing alternative means crimes simply by the use of the disjunctive 'or' " and "[have not] found that structuring the statute into subsections is dispositive or that definitional statutes create alternative means." *Id.* at 734 (internal citation omitted).

> Rather, the statutory analysis focuses on whether each alleged alternative describes "*distinct acts* that amount to the same crime." [*State v.* ]*Peterson*, 168 W[n].2d [763,] 770[, 230 P.3d 588 2010]. The more varied the criminal conduct, the more likely the statute describes alternative means. But when the statute describes minor nuances inhering in the same act, the more likely the various "alternatives" are merely facets of the same criminal conduct.

*Id.*

In *Lillard*, on which Mr. Gillam relies, Division One addressed Mr. Lillard's pro se argument that because the court's to-convict instruction on the charge of possessing stolen property "specifically listed the alternative definitions of 'possession' as alternative means of the offense to be proved by the State, there must be sufficient evidence to support each alternative, unless we can determine that the verdict was based on only one alternative means and that substantial evidence supports that means." 122

5

Wn. App. at 434-35. In *Hayes*, the other decision on which Mr. Gillam relies, Division

One characterized *Lillard* as holding that it is only when the court includes "knowingly

received, retained, possessed, concealed, or disposed of stolen property" in the to-convict

instruction that those terms will be treated as alternative means the State must prove. 164

Wn. App. at 478-79.[3] Otherwise, *Hayes* held,

> the reference to 'receive, retain, possess, conceal, or dispose of stolen
> property' in RCW 9A.56.140(1) is definitional. It does not create
> alternative means of a crime.

*Id.* at 477.

Recently, Division Two rejected the dubious reasoning of *Lillard* and *Hayes* that

terms the courts recognized as facets of a definition, and as not creating alternative means

of committing a crime, could somehow be transformed into alternative means by being

included in the to-convict instruction. *State v. Makekau*, No. 46929-4-II, 2016 WL

3188944, at *6 (June 7, 2016). It characterized *Lillard* and *Hayes* as unpersuasive,

"because the statements in those cases about the to-convict instructions creating

additional alternative means were not based on any meaningful analysis or discussion of

the issue," rather, "[t]he courts in both cases basically assumed that including the

---

[3] Consistent with *Lillard* and *Hayes*, the pattern to-convict instruction has heretofore provided, as to the possession element, "That on or about (date), the defendant knowingly [*received*] [*retained*] [*possessed*] [*concealed*] [*disposed of*] a stolen motor vehicle." 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 77.21 at 177 (3d ed. 2008) (emphasis added).

6

definitional terms in the to-convict instruction created alternative means." *Id. Makekau* points out that in *State v. Smith*, 159 Wn.2d 778, 785, 154 P.3d 873 (2007), our Supreme Court held that "including definitions of an element of a crime in a jury instruction separate from the to-convict instruction does not create alternative means of committing the crime." *Id. Makekau* goes on to say—and we agree— that "[i]f definitions in a separate instruction do not create alternative means, there is no reason that including the definitions in the to-convict instruction should change the result." *Id.*

Because Washington cases have not interpreted the definition of what it means to "possess" stolen property as creating alternative means, and including the definition in the to-convict instruction does nothing to change the single-means character of the crime of possessing a stolen motor vehicle, the State was not required to present evidence that Mr. Gillam knowingly received, retained, possessed, concealed, and disposed of a stolen motor vehicle.

Turning to Mr. Gillam's challenge to the sufficiency of evidence to support a finding that he knew the rental car was stolen, "[t]he test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Mr. Peterson's testimony as to his contact with Mr. Gillam after reporting the car stolen is sufficient, standing alone, to

7

support a rational juror's finding that Mr. Gillam knew beyond a reasonable doubt that the car was stolen.

Mr. Gillam nonetheless points to Mr. Peterson's testimony that Mr. Gillam wanted to keep the rental car, offered to reimburse Mr. Peterson for the continuing cost, and gave Mr. Peterson $12.00 that Mr. Peterson assumed was a contribution toward the cost of the car (albeit miniscule, given what Mr. Peterson owed under the rental contract). But the fact that Mr. Gillam can point to some evidence supporting his ostensible belief that he had Mr. Peterson's permission to retain the car does not change the fact that other testimony from Mr. Peterson established Mr. Gillam knew the car was stolen. The jury evidently believed Mr. Peterson's testimony that he told Mr. Gillam he never withdrew his report of a stolen vehicle. And Mr. Gillam's effort to elude the officer who spotted him at the convenience score was additional consciousness of guilt evidence.

A reasonable fact finder presented with the State's evidence could find beyond a reasonable doubt that Mr. Gillam knew the car was stolen.

## II. False testimony

Mr. Gillam's second additional ground for relief is that the prosecutor knowingly presented perjured testimony to the jury in violation of Mr. Gillam's right to due process. It is fundamental that the Fourteenth Amendment to the United States Constitution cannot tolerate a state criminal conviction obtained by knowing use of false evidence; "deliberate deception of a court and jurors by the presentation of known false evidence is

8

incompatible with 'rudimentary demands of justice.'" *Giglio v. United States*, 405 U.S. 150, 153, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972) (quoting *Mooney v. Holohan*, 294 U.S. 103, 112, 55 S. Ct. 340, 79 L. Ed. 791 (1935)). A new trial is required if the false evidence could in any reasonable likelihood have affected the verdict. *Id.*

Mr. Gillam has not provided us with any evidence in support of his contention that the prosecutor knowingly presented perjured testimony. Since his challenge involves factual allegations outside the record of this appeal, his remedy is to seek relief by personal restraint petition. *State v. Norman*, 61 Wn. App. 16, 27-28, 808 P.2d 1159 (1991).

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, J.

WE CONCUR:

Korsmo, J.

Pennell, J.

9