FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2017 MAR -6 AM 9: 04



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF | ) No. 69598-3-I |
| | ) |
| KENNETH WAYNE SANDHOLM, | ) DIVISION ONE |
| | ) |
| Petitioner. | ) UNPUBLISHED OPINION |
| | ) |
| | ) FILED: March 6, 2017 |

SPEARMAN, J. — In this personal restraint petition, Kenneth Sandholm challenges his 2012 conviction for driving under the influence (DUI). He contends that he was denied his Sixth Amendment right to counsel and to effective assistance of counsel during plea negotiations. We disagree and deny the petition.

## FACTS

In February 2012, a jury found Kenneth Sandholm guilty of one count of felony driving under the influence (DUI) in King County Superior Court No. 09-1-06703-8 KNT, and the court imposed a 60 month term of confinement. In December 2012, while his direct appeal was pending, Sandholm filed this timely personal restraint petition, alleging that he was effectively denied his Sixth Amendment right to counsel during unsuccessful plea negotiations that occurred in January 2012. Sandholm also claims that he was denied effective assistance during the plea negotiations.

Consideration of the petition was stayed pending a final decision on Sandholm's direct appeal. Our supreme court affirmed Sandholm's judgment and

sentence on December 3, 2015, and the mandate issued on December 28, 2015. See State v. Sandholm, 184 Wn.2d 726, 364 P.3d 87 (2015).

## DISCUSSION

In this 2012 petition, Sandholm challenges the judgment and sentence entered after his felony conviction for DUI. He requests "specific performance"[1] of the State's proposed plea agreement, which he claims would have resulted in a 2013 release date rather than a 2014 release date under the terms of the sentence that the court imposed after the jury verdict.

The procedural history of this case is convoluted. Sandholm was represented by several different attorneys during the course of the proceeding and was self-represented on at least two occasions. The case also involved a hung jury and mistrials.

On January 13, 2012, five days before the second trial was to begin, the deputy prosecutors met with Sandholm, who was self-represented, and communicated a plea offer. Under the terms of the plea agreement, the State would have recommended a 30 month sentence for the felony DUI conviction. The proposed plea agreement also resolved several pending district court charges from 2003 and 2006. The charges had been dismissed in 2009, but reinstated in late 2011. Sandholm understood that the State's offer was good until January 17, the day on which trial was to begin.

The parties disagree on precisely what was said during the next few days. It appears to be undisputed, however, that the deputy prosecutors informed Sandholm

---

[1] In re Sandholm Petition at 8.

that they had discussed the offer with the district court prosecutor, that all of the deputy prosecutors were from the same office, and that the offer was valid and binding. Nor is there any dispute that Sandholm understood the terms of the State's offer. In his declaration, Sandholm asserts that he expressed interest in the offer but informed the State that he needed to discuss the matter with his family and to verify the "authenticity"[2] of the district court provisions.

At the time of the plea offer in superior court, proceedings on the district court matters had just resumed. Before the 2009 dismissal, attorney Philip Tavel had represented Sandholm in the district court. When Sandholm first appeared in district court after the reinstatement on November 8, 2011, he informed the court that he had had no contact with Tavel since 2009. The district court appointed Society of Counsel Representing Accused Persons (SCRAP) to represent Sandholm. SCRAP later withdrew because of a conflict. The record indicates that Tavel appeared in district court on January 23, 2012, and informed the court that he had had no contact with Sandholm since 2009. According to Sandholm, Tavel also told the court at that time that he had always remained Sandholm's district court counsel.

Sandholm claims that in the days after the plea offer, he made a concerted effort to determine whether the plea offer was authentic and enforceable. Among other things, Sandholm alleges that he attempted to ascertain who his counsel was in district court and to contact Tavel. He asserts that all he needed to accept the plea was advice from "any licensed lawyer"[3] that the misdemeanor provisions were valid.

---

[2] Declaration of Sandholm at 1.

[3] Memorandum in Support of PRP at 13.

On January 17, 2012, the day that the DUI trial was to begin, Sandholm claims that he informed the deputy prosecutors that he "remained ready" to accept the agreement "upon verification by counsel"[4] that the offer was authentic. At this point, the State withdrew the plea offer.

Sandholm maintains that he is entitled to specific performance of the plea agreement because he was completely denied the right to counsel in the district court matters. Sandholm also claims that he was essentially denied effective assistance of counsel during the plea negotiations.

In his petition, Sandholm alleges grounds that could not have been presented in a direct appeal because the supporting facts were not in the appellate record. Accordingly, to obtain collateral relief, Sandholm must demonstrate that his restraint is unlawful under the criteria set forth in RAP 16.4(c). See State v. Sandoval, 171 Wn.2d 163, 169, 249 P.3d 1015 (2011). Under RAP 16.4(c)(2), restraint is unlawful if a conviction or sentence "was imposed or entered in violation of the Constitution of the United States or the Constitution or laws of the State of Washington." The evidence supporting a personal restraint petition must be based on "more than speculation, conjecture, or inadmissible hearsay." In re Pers. Restraint of Rice, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992).

Under both the federal and state constitutions, a defendant is entitled to the assistance of counsel at all critical stages of criminal proceedings. U.S. CONST. AMEND. VI; WASH. CONST. ART. I, § 22; Missouri v. Frye, 566 U.S. 133, 132 S. Ct. 1399, 1405, 182 L. Ed. 2d 379 (2012); State v. Heddrick, 166 Wn.2d 898, 909-10,

---

[4] Memo in Support of PRP at 5.

No. 65998-3-I/5

215 P.3d 201 (2009). Sandholm maintains that he was denied his right to counsel during the plea negotiations because his counsel for the district court matters abandoned him. The claim is without merit.

The plea offer made by the State involved a plea of guilty to the charge pending in superior court. And because Sandholm was representing himself in that proceeding, he bore the burden of seeking any information that he needed to determine whether he would accept or reject the offer. "Generally, defendants who are afforded the right to self-representation cannot claim ineffective assistance of counsel for the obvious reason they become their own counsel and assume complete responsibility for their own representation." State v. McDonald, 143 Wn.2d 506, 512, 22 P.3d 791 (2001). Thus, Sandholm is precluded from even raising the claim he urges here. Because he chose to act as his own counsel, a claim of ineffective assistance of counsel is not available to him.[5]

The personal restraint petition is denied.

Spearman, J.

WE CONCUR:

Trickey, A.C.J.                    Dwyer, J.

---

[5] To the extent Sandholm argues that the representation by his district court counsel was constitutionally deficient, that claim also fails. While that counsel's actions or inaction might be relevant to the resolution of Sandholm's district court charges, they are not relevant to the superior court proceedings in which Sandholm represented himself.