# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58359-3-II |
| Respondent, | |
| v. | |
| SHANE ARTHUR WIDEN, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, P.J. – Shane Widen appeals his forgery conviction and the trial court's imposition of a crime victim penalty assessment (VPA). When two sheriff's deputies arrived at his home to evict him, Widen presented a forged court document that purported to delay the eviction until after a later court hearing. Widen was convicted of committing forgery in violation of RCW 9A.60.020(1)(b), which states that a person commits forgery if, with the intent to injure or defraud, the person "possesses, utters, offers, disposes of, or puts off as true" a written instrument that they know to be forged.

We hold that (1) RCW 9A.60.020(1)(b) provides only a single means of committing the crime of forgery, the fraudulent handling of a written instrument which one knows to be forged, and the five listed terms are merely different ways of committing that single means; (2) inclusion in the to-convict instruction of the different ways of committing forgery under RCW 9A.60.020(1)(b) did not require the State to produce sufficient evidence to prove each way; (3) the State presented sufficient evidence to prove that Widen fraudulently handled a written

instrument which he knew to be forged; and (4) the $500 VPA must be stricken from the judgment and sentence.

Accordingly, we affirm Widen's conviction, but we remand for the trial court to strike the VPA from the judgment and sentence.

FACTS

In January 2023, Clark County Superior Court Judge Suzan Clark signed an order authorizing the eviction of Widen from his home. On February 13, 2023, two sheriff's deputies went to Widen's home to evict him.

Widen told the officers that he had obtained a court order on February 10 to stay the eviction. He gave the officers a document titled "Order to Show Cause and to Stay Enforcement of Writ of Restitution." Clerk's Papers (CP) at 2. The document listed a hearing date of February 24, 2023, and stated that Widen was "authorized to serve a photocopy of [the] order on the sheriff in lieu of a certified copy." CP at 2. The document also contained Judge Clark's signature and was dated February 10. The officers noticed that the document consisted of multiple different fonts and was inconsistent with normal court pleadings.

Widen told the officers that he went to court at 9:00 A.M. on February 10 and spoke to the judge, who signed the document. Widen also said that his attorney had the original copy of the document and that he had printed copies to give to the officers.

The officers investigated Widen's explanation and learned that Judge Clark was not in court at 9:00 A.M. on February 10 and that she did not sign the "order" that Widen had presented to the officers.

The State charged Widen with one count of forgery pursuant to RCW 9A.60.020(1)(a)(b). The amended information stated that Widen, "with intent to injure or

defraud, did possess, utter, offer, dispose of, or put off as true a written instrument, to wit: a court document signed by the Honorable Suzan L. Clark, which they knew to be forged, contrary to [RCW] 9A.060.020(1)(b)." CP at 5.

At trial, the officers testified to the facts stated above. Judge Clark testified that she did not hear any civil cases on February 10 and therefore could not have signed Widen's document.

The trial court gave a to-convict jury instruction that stated in part:

> To convict the defendant of the crime of forgery, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about February 13, 2023, the defendant possessed, uttered, offered, disposed of or put off as true a written instrument which had been falsely made, completed, or altered.

CP at 16.

The jury found Widen guilty of forgery. In the judgment and sentence, the trial court imposed the mandatory $500 VPA. The court also found that Widen was indigent under RCW 10.101.010(3)(c).

Widen appeals his conviction and the imposition of the VPA.

ANALYSIS

A.    FORGERY AND ALTERNATIVE MEANS

Widen argues that RCW 9A.60.020(1)(b) lists five alternative means of committing forgery, which required the State to produce sufficient evidence to prove each means. And Widen asserts that his conviction must be reversed because the State failed to prove that Widen "disposed of" the forged document. The State argues that RCW 9A.60.020(1)(a) provides only a single means of committing forgery. We agree with the State.

1.     Statutory Language

RCW 9A.60.020(1)(a) states that a person is guilty of forgery if they falsely make, complete, or alter a written instrument.  RCW 9A.60.020(1)(b) states that a person is guilty of forgery if, with intent to injure or defraud, the person "possesses, utters, offers, disposes of, or puts off as true a written instrument which [they] know[] to be forged."  These two subsections provide two alternate means of committing forgery.  *See State v. Bray*, 52 Wn. App. 30, 33-34, 756 P.2d 1332 (1988).

Widen argues that RCW 9A.60.020(1)(b) identifies five alternative means for committing the crime of forgery under that subsection: (1) possessing, (2) uttering, (3) offering, (4) disposing of, and (5) putting off as true a written instrument known to be forged.  The State argues that subsection (1)(b) identifies only one means of committing forgery, and the subsection merely provides five ways of committing that single means.

2.     Alternative Means Doctrine

"An alternative means crime is one where the applicable statute provides that the proscribed criminal conduct can be proved in multiple ways."  *State v. Roy*, 12 Wn. App. 2d 968, 973, 466 P.3d 1142 (2020).  For an alternative means crime, the statute identifies one crime and states that the crime can be committed in more than one way.  *Id*.  "Determining whether a statute provides alternative means of committing a crime is a matter of judicial interpretation."  *Id*.

Whether a crime involves alternative means relates to jury unanimity, which is required under article 1, section 21 of the Washington Constitution.  *Id*.  If charged with an alternative means crime, a defendant is entitled to a unanimous jury determination for the specific means by which they committed the crime.  *Id*.  The State must offer sufficient evidence to support each of

4

the alternative means unless there is an express statement of jury unanimity.[1]  *Id.*  But if the statute identifies only a single means of committing a crime, jury unanimity is not required even if there is more than one way of establishing that means.  *Id.*

To conduct the alternative means analysis, we focus on "whether the statute describes the crime in terms of separate, distinct acts (alternative means) or in terms of closely related acts that are aspects of one type of conduct (not alternative means)."  *Id.* at 974.

> The more varied the criminal conduct, the more likely the statute describes alternative means.  But when the statute describes minor nuances inhering in the same act, the more likely the various "alternatives" are merely facets of the same criminal conduct.

*Id.*  In addition, "the use of a disjunctive 'or' in a list of ways of committing the crime does not necessarily mean that those ways are alternative means."  *Id.*

3.   Analysis

In *State v. Makekau*, this court addressed RCW 9A.56.068(1), which states that a person is guilty of possessing a stolen vehicle if the person "possess[es] . . . a stolen motor vehicle." 194 Wn. App. 407, 413, 378 P.3d 577 (2016).  RCW 9A.56.140(1) defines what it means to "possess" stolen property as "knowingly to receive, retain, possess, conceal, or dispose of stolen property."  *Id.*  The court held that RCW 9A.56.068(1) did not establish an alternative means crime.  *Id.*  The court stated that the statute "defines only a single element of the crime – possessing a stolen motor vehicle.  This statute clearly does not suggest that there may be alternate means of committing the crime."  *Id.*

---

[1] In addition, the State need not offer sufficient evidence to support each of the alternative means if the State elects to rely on only one of the alternative means to obtain a conviction.  *State v. Smith*, 17 Wn. App. 2d 146, 159, 484 P.3d 550 (2021).

In *Roy*, this court addressed RCW 16.52.207(2)(a), which states that an animal owner is guilty of second degree animal cruelty if the owner "[f]ails to provide the animal with necessary shelter, rest, sanitation, space, or medical attention and the animal suffers unnecessary or unjustifiable physical pain as a result of the failure." 12 Wn. App. 2d at 972. This court held that the statute did not establish an alternative means crime. *Id*. at 975. The court stated, "[S]helter, rest, sanitation, space, and medical attention represent different aspects of the basic necessities for an animal's comfortable life. They are not independent, essential elements of the crime. Instead, they are 'minor nuances inhering in the same act' and 'facets of the same criminal conduct.' " *Id*. (quoting *State v. Sandholm*, 184 Wn.2d 726, 734, 364 P.3d 87 (2015)).

In *State v. Owens*, the Supreme Court addressed RCW 9A.82.050(1), which states that a person is guilty of trafficking in stolen property if they intentionally finance, direct, manage, or supervise the theft of property for sale to others. 180 Wn.2d 90, 96, 323 P.3d 1030 (2014). The court held that, taken together, the terms defined a single category of criminal conduct – facilitating or participating in the theft of stolen property. *Id*. at 98-99.

This case is similar to *Makekau*, *Roy*, and *Owens*. Possessing, uttering, offering, disposing of, and putting off as true represent different ways that a person could handle a forged instrument with the intent to injure or defraud. These are not separate alternative means of committing the crime. Instead, they are " 'minor nuances inhering in the same act,' and 'facets of the same criminal conduct.' " *Roy*, 12 Wn. App. 2d at 975 (quoting *Sandholm*, 184 Wn.2d at 734). Taken together, the terms in the statute criminalize the fraudulent handling of a forged document.

We conclude that RCW 9A.60.020(1)(b) identifies a single means of committing forgery: the fraudulent handling of a forged document. RCW 9A.60.020(1)(b) does not describe five alternative means of committing that crime.

B.    INCLUDING DEFINITIONAL TERMS IN TO-CONVICT INSTRUCTION

The trial court's to-convict jury instruction required the State to prove that Widen "possessed, uttered, offered, disposed of or put off as true a written instrument which had been falsely made, completed, or altered." CP at 16. Widen argues that even if RCW 9A.60.020(1)(b) does not describe alternative means of committing forgery, under the law of the case doctrine the definitional terms in RCW 9A.60.020(1)(b) became alternative means when the trial court listed them without objection in the to-convict instruction. And as noted above, Widen asserts that his conviction must be reversed because the State failed to prove that he "disposed of" the forged document. We disagree.

The law of the case doctrine provides that jury instructions not objected to are treated as the properly applicable law. *State v. Anderson*, 198 Wn.2d 672, 678, 498 P.3d 903 (2021). Therefore, if the to-convict instruction includes otherwise unnecessary elements of the offense without objection, the State assumes the burden of proving those elements. *Id*. at 679.

Here, there were no unnecessary elements included in the to-convict instructions. The five terms listed in the to-convict jury instruction are the same as the five definitional terms listed in RCW 9A.60.020(1)(b): to possess, utter, offer, dispose of, or put off as true. There were no additional terms included in the to-convict instruction that are not included in the statute. Moreover, we hold above that RCW 9A.60.020(1)(b) does not describe five alternative means of committing the crime of forgery, but rather describe " 'facets of the same criminal conduct.' "

*Roy*, 12 Wn. App. 2d at 974 (quoting *Sandholm*, 184 Wn.2d at 734). Therefore, the law of the case is inapplicable here.

Widen cites to *State v. Lillard*, 122 Wn. App. 422, 93 P.3d 969 (2004), and *State v. Hayes*, 164 Wn. App. 459, 262 P.3d 538 (2011), to support his argument. In both cases, the courts suggested that when a trial court includes in the jury instructions a list of ways in which a crime could be committed, those ways should be treated as alternate means and the State must produce sufficient evidence to support each alternative. *Lillard*, 122 Wn. App. at 434-35; *Hayes*, 164 Wn. App. at 481.

However, in *Makekau*, this court declined to follow *Lillard* and *Hayes*. The court held that those cases were "not persuasive because the statements in those cases about the to-convict instructions creating additional alternative means were not based on any meaningful analysis or discussion of the issue." 194 Wn. App. at 419. And in *State v. Tyler*, the Supreme Court found *Makekau* persuasive and rejected the argument that "the inclusion of definitional language in the to-convict instruction changed the nature of" a single means crime. 191 Wn.2d 205, 213-15, 422 P.3d 436 (2018).

Widen also notes that the pattern jury instructions for forgery bracket the definitional terms included in RCW 9A.60.020(1)(b): "That on or about (date), the defendant [possessed] [or] [uttered] [or] [offered] [or] [disposed of] [or] [put off as true] a written instrument which had been falsely made, completed, or altered." 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL (WPIC) 130.03 (5th ed. 2019). The Note on Use for WPIC 130.03 directs trial courts to use the bracketed options as applicable.

The better course of action would have been to remove the reference to "disposed of" in the jury instruction, as allowed in WPIC 130.03. But as we held above, inclusion of the different

ways of committing forgery under RCW 9A.60.020(1)(b) in the to-convict instruction does not require the State to prove each way. The language of the Note on Use for WPIC 130.03 does not change that analysis.

We hold that the inclusion in the to-convict instruction of the different ways of committing forgery under RCW 9A.60.020(1)(b) did not require the State to produce sufficient evidence to prove each way.

C.      SUFFICIENCY OF EVIDENCE

Widen argues that the State did not present sufficient evidence to prove all of the means listed in RCW 9A.60.020(1)(b) beyond a reasonable doubt. But we hold above that RCW 9A.60.020(1)(b) provides a single means of committing forgery, not five alternative means. "[I]f the statute identifies a single means of committing a crime, unanimity is not required even if there are different ways of establishing that means." *Roy*, 12 Wn. App. 2d at 976. The State only had to prove that Widen possessed, uttered, offered, disposed of, *or* put off as true a written instrument which had been falsely made, completed, or altered.

Here, the State presented evidence that Widen possessed, offered, and put off as true a forged court document. Widen presented the document to the sheriff's deputies at his home and told the deputies that it was a court order signed by Judge Clark that he had received from his attorney. The document contained multiple fonts and generally was inconsistent with court paperwork. And Judge Clark testified that she could not have signed the order because she did not have a civil docket on February 10, the date on the order.

We hold that the State provided sufficient evidence that Widen's conduct amounted to forgery under RCW 9A.60.020(1)(b).

D.      CRIME VICTIM PENALTY ASSESSMENT

Widen argues, and the State concedes, that the $500 VPA should be stricken from his judgment and sentence. We agree.

Effective July 1, 2023, RCW 7.68.035(4) prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3). *See State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023). For purposes of RCW 10.01.160(3), a defendant is indigent if they meet the criteria in RCW 10.101.010(3)(a)-(c). Although this amendment took place after Widen's sentencing, it applies to cases pending on appeal. *Ellis*, 27 Wn. App. 2d at 16.

The trial court determined that Widen was indigent under RCW 10.101.010(3)(c). Therefore, we remand for the trial court to strike the $500 VPA from the judgment and sentence.

CONCLUSION

We affirm Widen's conviction, but we remand for the trial court to strike the VPA from his judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, P.J.

We concur:

_____
LEE, J.

_____
GLASGOW, J.

10